FILED
CLERK, U.S. DISTRICT COURT

JUN 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority ✓
Send
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAGGIE CONNER-GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>    Defendant. | No. CV 05-2648 FFM<br><br>MEMORANDUM DECISION AND ORDER |

On April 25, 2005, plaintiff Maggie Conner-Garcia ("Plaintiff") brought this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying her application for Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on May 3, 2005, the parties filed a Joint Stipulation detailing each party's arguments and authorities. The Court has reviewed the administrative record ("AR"), filed by defendant on November 23,

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007 and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

2005, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and remanded for further proceedings.

## PROCEDURAL HISTORY

On March 9, 2000, Plaintiff filed an application for Disability Insurance benefits. Plaintiff alleged a disability onset of July 18, 1998. The application was denied. Plaintiff then filed a timely request for a hearing before an administrative law judge ("ALJ"). Plaintiff also filed an application for Supplemental Security Income benefits on August 24, 2000.

After hearings on each application, both applications were denied. Plaintiff sought review before the Appeals Council of the denial of her first application. After denial of review by the Appeals Council, Plaintiff filed a complaint with the United States District Court. The parties stipulated to remand this matter for further proceedings on or about October 16, 2003.

Administrative Law Judge Alexander Weir III, the same ALJ who presided over Plaintiff's initial hearing, again denied the application after a second hearing. On February 23, 2005, the Commissioner invited Plaintiff to seek judicial review of the decision.

Plaintiff commenced the instant action on April 25, 2005.

## CONTENTIONS

Plaintiff raises two issues in this action:

1. Whether the ALJ properly evaluated the opinions of the treating physician.
2. Whether the ALJ properly evaluated Plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but

less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

A.  <u>Treating Physician's Opinion</u>.

In evaluating medical opinions, the case law and regulations distinguish among three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *limited on other grounds, Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1502, 416.927(d). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987); *see also* 20 C.F.R. § 416.927(d)(2). An ALJ may not reject the uncontradicted opinion of a treating doctor without providing "clear and convincing reasons" supported by substantial evidence in the record. *Lester*, 81 F.3d at 830 (internal quotation marks omitted). Even if the treating doctor's opinion is contradicted by another doctor, an ALJ may not reject the opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Id.* (internal quotation marks omitted).

The record contains at least two reports from Poorvi Shah, D.O., Plaintiff's treating physician. Both reports are comprised of completed forms. In the first, dated

March 8, 2002, Dr. Shah opined that Plaintiff could stand/walk at least two hours per workday and sit for six hours per workday. (AR 294.) In the second, dated May 16, 2002, Dr. Shah opined that Plaintiff could stand/walk one hour per workday and sit for three hours per workday. (AR 611.)

The ALJ considered the restrictions in the former report in connection with the conclusions of the examining doctors, three of whom found that Plaintiff could stand/walk six hours in a day and another of whom found that Plaintiff could stand/walk two hours in a workday, and concluded that Plaintiff could stand/walk for six hours in a workday. With respect to sitting, neither Dr. Shah's March 8, 2002 report nor the reports by the examining doctors found any significant sitting limitations. Based on these reports, the ALJ found that Plaintiff could sit up to 6 hours in an 8 hour day. (AR 314.)

The ALJ entirely overlooked the second, more restrictive report by Dr. Shah. Not only did the ALJ fail to provide "specific and legitimate reasons" for rejecting Dr. Shah's opinion, the ALJ did not even reject the opinion. He simply ignored it.

Defendant contends that the ALJ nonetheless cited evidence that conflicted with Dr. Shah's opinion to support his finding. Although true, and although the ALJ need not use any "magic words," it is unclear from the opinion whether the ALJ was even aware of the May 16, 2002 opinion, much less that he actually considered and rejected it.

B.  Plaintiff's Subjective Allegations

Once a claimant produces medical evidence of an underlying impairment that is reasonably likely to cause the alleged symptoms, medical findings are not required to support their alleged severity. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or diagnostic evidence to support the severity of his pain, a finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain.") (internal citation omitted); *Byrnes v.*

4

*Shalala*, 60 F.3d 639, 641-42 (9th Cir.1995) (applying *Bunnell* to subjective physical complaints).

The ALJ can reject the claimant's allegations "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). The following factors may be considered in weighing the claimant's credibility: (1) his reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and his conduct; (3) his daily activities; (4) his work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002); *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c). "General findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ must state which testimony is not credible and identify the evidence that undermines the plaintiff's complaints. *Id.*; *Benton*, 331 F.3d at 1041. If properly supported, the ALJ's credibility determination is entitled to "great deference." *Green*, 803 F.2d at 532.

At the hearing, plaintiff testified about migraine headaches, back pain, shoulder pain and knee pain. She testified that the shoulder pain prevented her from typing, which was required for her previous job as a telephone operator. (AR 355.) She also testified that she could not sit for two hours at a time, which also was required for her previous job. (AR 356.) She further testified that she had to leave her previous job because of migraine headaches. (AR 360.)

The ALJ provided the following reasons for rejecting Plaintiff's subjective allegations:

> I find the claimant not completely credible. Her testimony of migraine headaches that last several days appears extreme and is inconsistent with the medical evidence. Specifically, despite the claimant's allegations of such migraine headaches, there is little or no mention of it in her medical records. Hence the claimant did not seek or

5

obtain medical treatment for this condition. The medical evidence is also scant as to the claimant's other alleged problems, showing that the claimant did not have any fractures, dislocations or other objectively ascertainable basis for her back, knee and shoulder pain. She also did not seek medical treatment consistent with the pain she alleged. The medical evidence shows sporadic visits and does not show that the claimant received any strong pain medication from her physicians. Also the record shows that the claimant worked after her alleged onset of disability, working on a cash basis and not reporting this work either on her application or on her taxes. Also the claimant's testimony reflects that although she alleged[ly] quit her last job, for the adult entertainment service, for medical reasons, i.e. her migraine headaches, she did not file a workers' compensation claim. Instead she claimed and obtained unemployment benefits, which requires an attempt to find other employment as a condition of receiving benefits. Thus the claimant's fraudulent activities plus the inconsistencies in her testimony and the medical evidence and her other inconsistencies noted above, indicate that she is not credible.

(AR 313).

As the ALJ did not find that Plaintiff was malingering, the ALJ was required to provide clear and convincing reasons for rejecting Plaintiff's subjective allegations. *See Benton*, 331 F.3d at 1040. The reasons given by the ALJ, however, were not clear and convincing.

First, the ALJ found not credible Plaintiff's testimony that her migraine headaches lasted for several days. However, Plaintiff actually testified that the headaches lasted four to five hours (at the January 4, 2001 hearing), or three to four hours (at the July 29, 2004 hearing). (AR 44 and 350.) She never testified that a migraine headache lasted for several days.

Second, the ALJ's conclusion that there was little or no mention of migraine headaches in the medical records is incorrect. The medical records are replete with entries regarding migraine headaches and Plaintiff was prescribed medication to combat them. (*See, e.g.*, AR 142, 149, 199, 205, 245 and 255.)

Third, the ALJ's finding that plaintiff had not established an objectively ascertainable basis for her knee, back and shoulder pain is contradicted by the ALJ's own conclusion that the medical evidence established that her back, neck, left shoulder and knee pain and migraine headaches would "have some impact on the claimant's basic exertional abilities" and, therefore, qualify as a severe impairment. (AR 310-11.) Moreover, the lumbar spine x-ray, chest x-ray, left shoulder x-ray, cervical spine x-ray and knee x-ray all showed conditions that supported Plaintiff's claims. (*See* AR 172 (disc space narrowing and osteoarthritic spurring in lumbar spine), 173 (ventricular hypertrophy with elongation of the aorta that is consistent with severe hypertension), 211 (degenerative spondylosis in cervical spine), and 493 (degenerative joint disease in both knees).)

Fourth, the ALJ found that, after leaving her telephone operator's job, Plaintiff "did not file a workers' compensation claim . . . [but rather] claimed and obtained unemployment benefits, which requires an attempt to find other employment as a condition of receiving benefits." (AR 313.) The ALJ construed this behavior as fraudulent activity that reflected on her credibility. However, the finding that Plaintiff claimed and obtained unemployment benefits is not supported by the record. The only evidence suggesting that Plaintiff may have obtained unemployment benefits is the following testimony:

ALJ: Did you collect unemployment?
Plaintiff: I think I did, I'm not sure. I don't know.

(AR 360.)

The ALJ's failure to provide clear and convincing reasons for discounting Plaintiff's testimony requires reversal.

# CONCLUSION

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g., Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin, supra*. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

The Ninth Circuit also has held that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ; *see also, e.g., Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000); *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399-1401 (9th Cir. 1988); *Lester*, 81 F.3d at 834; *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Smolen, v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Under the foregoing authorities, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. This rule applies not only to a claimant's improperly discredited excess pain and other

subjective symptom testimony, but also to improperly discredited opinions of a treating or examining physician.

However, in *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003), the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. See 340 F.3d at 876.

Here, as in *Connett*, the record contains insufficient findings as to whether the claimant's testimony should be credited as true. Moreover, the Court finds that the ALJ should consider the apparently overlooked opinion of Dr. Shah. The Court therefore has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed.

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded pursuant to sentence 4 of 42 U.S.C. § 405(g) for further proceedings.

IT IS SO ORDERED.

DATED: June 5, 2008

/S/ Frederick F. Mumm
FREDERICK F. MUMM
United States Magistrate Judge